UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRUCE ALLEN GRAY, <br><br> Defendant. | Case No.: 18CR2118-JLS <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

Currently pending before the Court is Defendant's Motion to Modify Sentence pursuant 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 57). Plaintiff United States of America has filed an opposition to the motion, and Defendant has filed a reply. Having considered these submissions, the record, and the applicable legal authority, the Court must deny Defendant's motion without prejudice for his failure to demonstrate exhaustion of administrative remedies.

**Background**

On July 12, 2018, Defendant Gray pled guilty to a charge of possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). ECF Nos. 29 and 30. Defendant was sentenced by this Court to a 33-month term of imprisonment and 7 years of supervised release. ECF No. 43. Defendant is

currently serving his sentence at FCI Terminal Island; he has already served approximately 13 months and has a projected release date of April 21, 2021.

## Analysis

Defendant Gray moves the Court for an order converting the remainder of his sentence into restrictive home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant is 65 years of age, obese, and suffers from underlying health conditions including diabetes and hypertension, all of which Defendant contends makes him especially vulnerable to COVID-19. Indeed, after the filing of Defendant's motion, it was discovered that Defendant tested positive for the virus, although the Government indicates that BOP medical staff deemed Defendant COVID-19 recovered as of May 10, 2020.[1] Defendant contends that the conditions at FCI Terminal Island combined with his COVID-19 risk factors continue to present a risk of re-infection or other serious health consequences and constitute extraordinary and compelling grounds for relief.

The Government opposes Defendant's motion for failure to exhaust administrative remedies. The Government has submitted a printout from a BOP database showing that no administrative remedy requests have been submitted by Defendant. In addition, the Government provides an email from legal counsel at Terminal Island indicating that no reduction in sentence request has been received by the warden of the facility. The Government also opposes Defendant's motion on the merits, arguing that that Defendant's medical condition is not "extraordinary and compelling" within the meaning of § 3582(c) and that Defendant poses a significant danger to the public and the statutory sentencing factors do not weigh in favor of his release.

Turning first to the issue of exhaustion of administrative remedies, Defendant maintains that he did submit an administrative request for relief. In addition, counsel for

---

[1] Apparently, Defendant was seen by BOP medical staff during the period of infection and consistently denied shortness of breath, muscle pain, fatigue, sore throat, and new loss of smell or taste. Gov't Resp., ECF No. 64 at 10.

Defendant has provided the Court with a copy of a letter dated April 28, 2020 addressed to the Director of the BOP and the Warden at FCI Terminal Island in which counsel requests that Defendant be transferred to home confinement to serve the remainder of his sentence "in accordance with Attorney General William Barr's directives to the BOP on March 26 and April 3, 2020, and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), enacted on March 27, 2020." ECF No. 65-1 at 2. The letter presents substantially the same grounds for relief presented in the instant motion brought pursuant to 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…". In this case, Defendant has not demonstrated that any request for relief pursuant to Section 3582(c) has been submitted to the warden of Defendant's facility. The evidence before the Court suggests that the institution received no request for compassionate relief directly from Defendant and that the request made on behalf of Defendant by his counsel was made pursuant to Attorney General Barr's directives and the CARES Act, not 18 U.S.C. § 3582(c)(1)(A).

Because it raised the same concerns as the motion currently at issue, it is tempting to infer a lapse for § 3582(c)(1)(A) purposes from the lack of a response to defense counsel's letter to the Warden regarding CARES Act relief. However, the Court cannot permissibly fashion an equitable remedy that is contrary to the explicit terms of the statute from which the Court derives its authority to act. *See, e.g. United States v. Reid*, 2020 WL 1904598 *3 (N.Dist. Cal. April 18, 2020) (Finding that court may not waive or deem futile § 3582(c)(1)(A) exhaustion requirement, even in light of COVID-19 pandemic, because exhaustion is specifically mandated by the statute). Furthermore, as the Government points out, there is good reason for the requirement of initial resort to administrative

remedies for compassionate release because the BOP conducts an extensive assessment for such requests and is in the best position to evaluate considerations such as the health of the inmate and BOP staff, as well as the safety of the public.

The record establishes that neither Defendant nor his counsel have submitted a request for Section 3582(c) relief to the warden of the facility. Because the statutory language clearly requires as much before the Court may act, the Court may not excuse any failure to exhaust administrative remedies and lacks authority to consider Defendant's motion until the exhaustion requirement has been met. *See e.g., United States v. Otero*, 2020 WL 1912216 *4 (S.Dist. Cal. April 17, 2020) (collecting cases and finding that exhaustion requirement is mandatory despite the urgency created by COVID-19).

## Conclusion

For the reason set forth above, the Court finds that it lacks jurisdiction to consider Defendant's request for relief. Accordingly, Defendant's Motion is **DENIED without prejudice**, pending exhaustion of his administrative remedies.

IT IS SO ORDERED.

Dated:  June 4, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge